```
                    FILED    ___ LODGED
                ___ RECEIVED  ___ COPY

                     APR 15 2013

                CLERK U S DISTRICT COURT
                  DISTRICT OF ARIZONA
                BY_____ B  DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
CASE NO.:

| | |
|---|---|
| KEITH BRODHEAD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | **COMPLAINT**<br><br>CV-13-00757-PHX-GMS<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant EXPERIAN INFORMATION SOLUTIONS, INC. alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.* and for the common law tort of defamation.

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367.

3. The Plaintiff is a natural person and resident of the State Arizona. He is a "consumer" as defined by 15 U.S.C § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation formed under the laws of the State of Ohio.

5. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant is subject to jurisdiction in the State of Arizona and venue of this district pursuant to Arizona Long Arm jurisdiction laws through the causation of injury in the state by acts or omissions inside and outside of the State of Arizona.

## FACTUAL ALLEGATIONS

8. On or about May 17, 2012, plaintiff desired to purchase a motor vehicle. Plaintiff thus visited an automobile dealership.

9. When plaintiff visited the automobile dealership, he desired to finance a vehicle of his choice. Thus plaintiff consented and authorized a review of a consumer report solely for the purposes of financing a vehicle.

10. Plaintiff was denied credit.

11. Much to his surprise, Plaintiff was informed that his credit file compiled and maintained by Experian (the "Experian credit report") listed him as being deceased.

12. This representation is false. On or about May 17, 2012, Plaintiff was, and is to date, very much alive and well.

13. Naturally no lending institution will extend credit to a deceased individual or a living individual whose credit file erroneously reports him as deceased.

14. On or about August 1, 2012, November 7, 2012 and December 11, 2012, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the erroneous representations on his credit file.

15. Experian responded to Plaintiff's dispute letters, claiming the information was reported correctly (Exhibit "B").

16. Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the false representation that Plaintiff was deceased.

17. Experian failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

18. As a result of Experian's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, auto loans so that Plaintiff can finance a motor vehicle.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

19. The Plaintiff realleges and incorporates ¶¶1-18 above as if fully set out herein.

20. Experian willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

22. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

23. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

### SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

24. The Plaintiff realleges and incorporates ¶¶1-23 above as if fully set out herein.

25. Experian willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and correct disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

26. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

27. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

28. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

### THIRD CLAIM FOR RELIEF AGAINST EXPERIAN

29. The Plaintiff realleges and incorporates ¶¶1-28 above as if fully set out herein.

30. Experian violated 15 U.S.C § 1681e(b) by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

31. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

32. Experian's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

### FOURTH CLAIM FOR RELIEF AGAINST EXPERIAN

34. The Plaintiff realleges and incorporates ¶¶1-33 above as if fully set out herein.

35. Experian violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice

of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

36. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

37. Experian's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## **EXPERIAN VIOLATED THE GENERAL STATUTES OF THE STATE OF ARIZONA**
## **FIFTH CLAIM FOR RELIEF AGAINST EXPERIAN**

38. The Plaintiff realleges and incorporates ¶¶1-37 above as if fully set out herein.

39. Experian willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

40. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

41. Experian's conduct, action and inaction, was willful and malicious, rendering it liable for actual damages in an amount to be determined by the Court pursuant to Title 44-1695C.

42. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to Title 44-1695C.

## SIXTH CLAIM FOR RELIEF AGAINST EXPERIAN

43. The Plaintiff realleges and incorporates ¶¶1-42 above as if fully set out herein.

44. Experian willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Experian's conduct, action and inaction, was willful and malicious, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Title 44-1695C.

47. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to Title 44-1695C.

## SEVENTH CLAIM FOR RELIEF AGAINST EXPERIAN

48. The Plaintiff realleges and incorporates ¶¶1-47 above as if fully set out herein.

49. Experian willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

50. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

51. Experian's conduct, action and inaction, was grossly negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to Title 44-1695C.

52. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to Title 44-1695C.

## EIGHTH CLAIM FOR RELIEF AGAINST EXPERIAN

53. The Plaintiff realleges and incorporates ¶¶1-52 above as if fully set out herein.

54. Experian willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

55. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

56. Experian's conduct, action and inaction, was willful and malicious, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Title 44-1695C.

57. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to Title 44-1695C.

## PRAYER FOR RELIEF

Plaintiff, Keith Brodhead prays that this Court:

1. Declare that Defendant violated the FCRA;

2. Enter judgment in favor of Plaintiff Brodhead and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

3. Enter judgment in favor of Plaintiff Brodhead and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by Title 44 of the Arizona Revised Statutes

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Keith Brodhead, demands trial by jury.

Respectfully submitted,

LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.

Dated: April 10, 2013

*[signature]*

40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-7322
abel@apierrelaw.com
**Attorney for Plaintiff**

10

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Case No.:                            Year: 2013

**KEITH BRODHEAD**

*Plaintiff*

-*against*-

**EXPERIAN INFORMATION SOLUTIONS, INC.**

*Defendants.*

## COMPLAINT

Signature

Print name beneath

ABEL L. PIERRE, ESQ.

*Attorney for* Plaintiff

*Office and Post Office Address, Telephone*

40 EXCHANGE PLACE
SUITE # 2010
NEW YORK, NY 10005
TEL: (212) 766-3323
FAX: (212) 766-3322

Service of a copy of the within is hereby admitted.

Dated

..................................................

Attorney(s) for